```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/3/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
BRYANT PATTERSON,                              :
:
                     Petitioner,            :     09 Civ. 1038 (JMF) (FM)
:
:     ORDER ADOPTING
-v-                                            :     REPORT AND
:     RECOMMENDATION
:
DAVID A. ROCK,                                 :
:
                     Respondent.           :
:
------------------------------------------------------------X

JESSE M. FURMAN, District Judge:

       This petition for a writ of habeas corpus from a state court conviction, filed pursuant to Title 28, United States Code, Section 2254, was referred to Magistrate Judge Frank Maas for a Report and Recommendation. In a Report and Recommendation filed on July 3, 2012, Magistrate Judge Maas recommended that the petition be denied.

       In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party

makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g., Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. In addition, it expressly called Petitioner's attention to Rule 72(b) of the Federal Rules of Civil Procedure and Title 28, United States Code, Section 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Petitioner has waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite Petitioner's waiver, the Court has reviewed the petition and Magistrate Judge Maas's Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Patterson's first claim — that the evidence was insufficient to support his conviction for, among other things, assault and criminal possession of a weapon arising out of a shooting at the Broadway Arcade in Manhattan on March 9, 2003 — plainly falls short. As Magistrate Judge Maas explained in his thorough and well-reasoned Report and Recommendation, the evidence — including, among other things, the testimony of three impartial witnesses that they heard shots fired and saw a man with a hairstyle similar to Patterson's holding a gun in his left hand; proof that no one else in Patterson's group had similar hair and that the only other accused shooter in the group was right-handed; and a written statement by Patterson himself confessing that he had brandished a gun and fired it (Report and Recommendation at 16-17) — was more than sufficient to support

Patterson's conviction, especially given the "doubly deferential standard of review" applicable on habeas review. *Garbutt v. Conway*, 668 F.3d 79, 81 (2d Cir. 2012).

Patterson's only other claim — that the trial court erred in admitting evidence of a prior shooting — is even more easily rejected. As Magistrate Judge Maas explained, the admission of other act evidence is not a basis for habeas relief under Section 2254 as the Supreme Court has expressly declined to resolve whether the use of other bad acts to show criminal propensity violated due process. (Report and Recommendation at 20 (citing *Estelle v. McGuire*, 502 U.S. 62, 75 n.5 (1991)). Insofar as the Supreme Court has not taken a position on the issue, "it would be impossible" for a habeas petitioner to establish, as required for relief under Section 2254(d), "that the state court decision violated 'clearly established Federal law as determined by the Supreme Court of the United States.'" *Roberts v. Phillips*, 03-CV-2957 (NGG), 2004 WL 502920, at *3 (E.D.N.Y. Feb. 2, 2004). In any event, the evidence in Patterson's case was properly admitted to prove Patterson's intent, which was plainly at issue.

Accordingly, it is hereby ORDERED that Magistrate Judge Maas's Report and Recommendation dated July 3, 2012, is ADOPTED in its entirety and that Petitioner's petition for the writ of habeas corpus is DENIED. The Clerk of Court is directed to enter a judgment in favor of Respondent, to mail a copy of this Order to the Plaintiff, and to close this case.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, this Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Order would not be

taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 3, 2012
       New York, New York

                                            JESSE M. FURMAN
                                           United States District Judge